THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>      Plaintiff,<br><br> v.<br><br>RODGER MAY, *et al.*,<br><br>      Defendants. | CASE NO. C21-1002-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' joint motion to stay (Dkt. No. 14). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.  BACKGROUND

This declaratory judgment coverage action follows a dispute over, amongst other things, intellectual property generated in a salvage operation for the *S.S. Islander*, a passenger vessel thought to be carrying gold that sank off the coast of Southeast Alaska. (*See* Dkt. Nos. 14 at 3–5, 21 at 2–3.) Defendants formed a joint venture to salvage the gold and, in fact, did just that in 2012. (*Id.*) But they elected to go their separate ways before completing their efforts. (*Id.*) In negotiating a wind-down of their arrangement, the parties were unable to come to terms over ownership of the intellectual property, *i.e.*, the treasure map, generated during the salvage

operation. (*Id.*) In 2019, Defendant Rodger May sued MK Salvage Venture, LLC, Bear Enterprises, LLC, and Peter Kuttel, his codefendants in this action, in King County Superior Court. (*See* Dkt. No. 1-1 at 42–48 (Case Scheduling Order for *May v. MK Salvage Venture LLC, et al.*, King County Cause No. 19-2-10613-1 SEA).)

They reached a settlement of Mr. May's claims in December 2020. (*See generally* Dkt. No. 15-1). The settlement includes a proposed $30 million covenant judgment and an assignment of rights in certain policies written by Plaintiff Great American Insurance Company to Mr. May. (*Id.* at 8–9.) However, that covenant judgment is subject to approval by the King County Superior court pursuant to Wash. Rev. Code § 4.22.060, which has not yet occurred. (*See* Dkt. No. 15 at 2.) Until it does, the settlement cannot be finalized.

Great American filed the instant action in this Court in July 2021. (Dkt. No. 1.) It seeks a declaratory judgment that the policies to be assigned to Mr. May do not provide coverage for any of the claims brought by him or his associates in the salvage venture. (*Id.* at 5.) Defendants in this action moved to stay this proceeding until the King County Superior Court renders its reasonableness decision on the covenant judgment, arguing that the issues in the two cases are substantially similar and, absent a stay, they would be harmed if forced to defend this action while also engaging in the action before the King County Superior Court. (*See generally* Dkt. No. 14.)

**II.    DISCUSSION**

 "The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Defendants have satisfied their burden.

As a threshold matter, the parties quibble over whether the issues at play in the King County Superior Court proceeding are substantially similar to those in this proceeding. (*Compare* Dkt. No. 21 at 6–7, *with* 26 at 4–5.) The Court FINDS that they are. Specifically, the

King County Superior Court action may clarify or even moot key issues in the instant action. For example, if the King County Superior Court reduces the judgment below $7.5 million, Mr. May can void the settlement agreement. (*See* Dkt. No. 15-1 at 9.) Should that occur, and he chooses to move forward with his suit against his former colleagues and loses, Great American would have no damages to pay under the policies in question in this suit. This alone is sufficient to establish substantially similar issues between the two suits. *See Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017); *Jinni Tech Ltd. v. RED.com, Inc.*, 2018 WL 5312200, slip op. at 3 (W.D. Wash. 2018).

However, in deciding whether to grant a stay, the Court must also consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, each factor weighs in favor of granting the requested stay.

1. <u>Damage that May Result from a Stay</u>

Defendants are seeking a relatively short stay. The hearing on the reasonableness of the covenant judgment is presently scheduled for December 3, 2021, with a decision anticipated either concurrently or shortly thereafter. (*See* Dkt. No. 26 at 4.) This means Defendants are asking for a stay of something less than three months. The Court strains to understand how a stay of this duration would harm Great American. Therefore, the Court FINDS that this factor supports the stay.

2. <u>Hardship or Inequity Suffered by Proceeding</u>

Conversely, Defendants would suffer a hardship if forced to proceed here prior to learning of the King County Superior Court's decision regarding the covenant judgment. For one thing, MK Salvage Venture LLC, Bear Enterprises, LLC, and Peter Kuttel are all named defendants in this suit and must presently bear the expense of defending. (*See* Dkt. No. 1.) If the

King County Superior Court approves the proposed covenant judgment, those parties would no longer have an interest in the policies, and the expense of defending this suit would fall solely to Mr. May. For this reason, the Court FINDS that this factor supports the stay.

      3.      <u>The Orderly Course of Justice</u>

Finally, if defendants in the King County action are forced to litigate this suit before learning of the King County Superior Court's reasonableness determination, they likely would need to take inconsistent positions in the two suits. Namely, for purposes of the instant suit, it is in their interest to argue that the intellectual property was damaged at some point, thereby potentially triggering coverage under Great American's policies. Whereas, it is in those defendant's interest in the King County suit to argue that the property is not damaged, as it is an asset to be transferred to Mr. May pursuant to their settlement agreement. (*See* Dkt. No. 15-1 at 11–12.) A stay would eliminate the possibility of these inconsistent positions. This would, in turn, reduce the collective burden on the courts to resolve disputed issues. For this reason, the Court FINDS that this factor also supports a stay.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' joint motion to stay (Dkt. No. 14). The Court hereby STAYS this case until the King County Superior Court has issued its reasonableness determination in *May v. MK Salvage Venture LLC, et al.*, King County Cause No. 19-2-10613-1 SEA. Once that occurs, the parties are ORDERED to submit a joint status report to the Court within fifteen days. That joint status report should include a proposed revised case management schedule, including a briefing schedule for Great American's outstanding summary judgment motion (Dkt. No. 16).

//
//
//
//

1  DATED this 1st day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE