THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>               Plaintiff,<br>    v.<br><br>RODGER MAY,<br><br>               Defendant. | CASE NO. C21-1002-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Great American Insurance Company's ("Great American") motion for partial summary judgment (Dkt. No. 61) and Defendant Rodger May's motion to certify questions to the Washington State Supreme Court or, alternatively, for interlocutory appeal (Dkt. No. 59). Having thoroughly considered the briefing and the relevant record, the Court GRANTS Great American's motion (Dkt. No. 61) and DENIES Mr. May's motion (Dkt. No. 59) for the reasons explained herein.

I.     BACKGROUND

The Court described the facts of this case in a prior order, (*see* Dkt. No. 51), and will not repeat them here. Having sought and received summary judgment on its duty to defend, (*id.* at 6–8), Great American now moves for summary judgment on its duty to indemnify. (Dkt. No. 61 at 5.) It also asks the Court to enter judgment on Mr. May's counterclaims, which would then

dispose of this case. (*Id.* at 5–6.) Mr. May, who opposes, asks for a Rule 56(d) continuance. (Dkt. No. 65 at 3.) In addition, he separately moves to certify certain issues of state law to the Washington State Supreme Court or, in the alternative, to certify for interlocutory appeal the Court's prior order granting summary judgment to Great American on its duty to defend. (Dkt. No. 59.)

## II. DISCUSSION

### A. Great American's Motion for Partial Summary Judgment

#### 1. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of establishing the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). But once the moving party properly supports its motion, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

#### 2. Rule 56(d) Request

Putting aside its procedural requirements,[1] a Rule 56(d) continuance request requires the identification, *with some particularity*, of the information needed to avoid summary judgment. *Emps. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004); *see, e.g.*, *Cyprian v. White*, 2020 WL 3451852, slip op. at 1 (W.D. Wash. 2020). Yet Mr. May points to no specific information needed to withstand summary judgment. (*See*

---

[1] The Court notes, though, that such requests require an affidavit or declaration in support. *See* Fed. R. Civ. P. 56(d). Mr. May fails to provide either attestation.

Dkt. No. 65 at 3, 12.) Instead, he simply asks for a continuance, as if it is a matter of right. (*Id.*) But it is not. *See, e.g.*, *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 620 (9th Cir. 2017) (such determinations are reviewed for an abuse of discretion). And, on this basis, Mr. May fails to demonstrate good cause supporting a Rule 56(d) continuance. His request (Dkt. No. 65 at 3) is, therefore, DENIED.

        3.    <u>Duty to Indemnify</u>

The Court previously found that Great American has no duty to defend the insureds in their dispute with Mr. May. (Dkt. No. 51 at 6–8.) It reached this finding, in large part, because Mr. May's complaint failed to adequately allege that he suffered the necessary type of "property damage" resulting from a qualifying "occurrence." (*Id.*) (quoting Dkt. No. 18-5 at 21). The present inquiry, of course, is different. The "eight co[rn]ers rule" no longer applies. *Xia v. ProBuilders Specialty Ins. Co.*, 400 P.3d 1234, 1240 (Wash. 2017). Extrinsic evidence—even if unavailable to Great American at the time it declined coverage—is relevant in assessing Great American's compliance with its duty to indemnify. *Am. Best Food, Inc. v. Alea London, Ltd.*, 158 P.3d 119, 127 (Wash. Ct. App. 2007), *aff'd in part*, 229 P.3d 693 (Wash. 2010).

Here, Great American has satisfied its burden of production on its indemnification obligation. This is based on undisputed facts, referenced by Great American in its briefing, (*see* Dkt. Nos. 61 at 3–5, 6–8; 66 at 4–7), coupled with terms of the relevant policies, (*see* Dkt. No. 18-5 at 21). So, for Mr. May to withstand summary judgment, he must put forth at least some evidence showing that Great American, in fact, has an indemnification obligation, *as defined in the policy*. *See Gulf USA Corp. v. Fed. Ins. Co.*, 259 F.3d 1049, 1056 (9th Cir. 2001). And, at least for purposes of demonstrating the existence of a qualifying "occurrence," a prerequisite for any indemnification obligation, Mr. May presents no such evidence.[2] Instead, he relies on King County

---

[2] Because this is dispositive, the Court need not consider whether a genuine issue of fact exists as to whether the property at issue in the underlying suit is qualifying property pursuant to the policy. (*See* Dkt. No. 18-5 at 21.)

1 Superior Court Judge Sandra Widlan's findings in support of the $7.5 million covenant judgment awarded to Mr. May. (Dkt. No. 65 at 17–18.) Mr. May argues that, based on those findings, it is reasonable to infer that Peter Kuttel's withholding of the intellectual property was, in fact, an accident—and therefore a qualifying occurrence—because Mr. Kuttel could not have reasonably foreseen the consequential harm flowing from his refusal to turn over the property to Mr. May. (Dkt. No. 65 at 17–18.)

The Court does not view the import of Judge Widlan's findings in the same light as Mr. May. As the Court previously explained, an "occurrence" under Washington law must be an "accident." (Dkt. No. 51 at 7.) This applies to both the "result[s]" *and* the "means," which must be "unforeseen, involuntary, unexpected and unusual." *Safeco Ins. Co. of Am. v. Butler*, 823 P.2d 499, 509 (Wash. 1992) (internal citations omitted). So, even if the potential *results* of withholding the property were unforeseen, which Mr. May argues is an issue for the finder of fact, Mr. May presents no argument or evidence suggesting that the *means* are. (*See generally* Dkt. No. 65.) According to Judge Widlan, and as pointed out by Mr. May, Mr. Kuttel *willfully* withheld the intellectual property "because [he] believed that Bear had a lien on the IP" and that the "IP belonged to OMI" rather than Mr. May. (*Id.* at 7.) This suggests the means of withholding which deprived Mr. May of the intellectual property were *not* an accident.

Therefore, Mr. May fails to demonstrate a material issue of fact with respect to whether Mr. Kuttel's withholding of the intellectual property was a qualifying "occurrence" pursuant to Great American's policy. As such, he cannot withstand summary judgment on the issue. Summary judgment is GRANTED to Great American on its duty to indemnify, both with respect to its declaratory judgment action, (Dkt. No. 1 at 5), <u>and</u> Mr. May's counterclaims for declaratory relief and for breach of contract, all of which are based on an alleged breach of the duty to indemnify (Dkt. No. 35 at 11–13).

    4.    <u>Mr. May's Extracontractual Counterclaims</u>

In addition to counterclaims seeking a declaratory judgment and contractual relief (based

on Great American's supposed breach of its indemnification obligation), Mr. May also asserts counterclaims for breach of the duty of good faith and for breach of fiduciary duty, as well as counterclaims for violations of Washington's Insurance Fair Conduct Act ("IFCA") and its Consumer Protection Act ("CPA"). (*Id.* at 13–18.) As described below, none can survive summary judgment.

### a. Bad Faith

Because the Court has found that Great American did not breach its duties to defend or to indemnify its insureds, Mr. May is barred from bringing a claim based on a substantive breach of Great American's duty of good faith to those insureds. *Overton v. Consol. Ins. Co.*, 38 P.3d 322, 330 (Wash. 2002); *United Services Auto. Ass'n v. Speed*, 317 P.3d 532, 542 (Wash. Ct. App. 2014). However, Mr. May can still assert a claim based on a *procedural* breach, *i.e.*, bad-faith claims handling. *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 669 (Wash. 2008). But to do so, the claim must be adequately pleaded and, at this point, supported with at least some evidence. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). Mr. May does neither. Instead, he points to conclusory allegations primarily contained within his pleadings. (Dkt. No. 65 at 8–10, 21–22.) This is insufficient, both, as a matter of law and for purposes of establishing a genuine issue for trial. *Lujan*, 497 U.S. at 888.

### b. Fiduciary Duty

Mr. May's breach of fiduciary duty claim fares no better, as it also fails as a matter of law. Nothing in Mr. May's pleadings or briefing suggest a relationship between Mr. May and Great American beyond the insurance contract at issue, to which he was assigned certain rights. (*See generally* Dkt. No. 35.) And the relationship between an insurer and an insured is a *quasi*-fiduciary one—not an actual fiduciary relationship. *See, e.g.*, *Kosovan v. Omni Ins. Co.*, 496 P.3d 347, 358 (Wash. Ct. App. 2021).

### c. Remaining Claims

Finally, Mr. May's remaining claims are barred by the Court's prior holdings. As Mr.

May concedes, without a duty to indemnify, there can be no IFCA claim. (Dkt. No. 65 at 23.) And without bad faith, there can be no CPA claim. (*Id.* at 23–24.)

Therefore, summary judgment is GRANTED to Great American on all of Mr. May's extracontractual claims.

### B.  Mr. May's Motion for Certification and/or Interlocutory Appeal

#### 1.  Certification

The Court, in its discretion, may certify questions of state law to the Washington State Supreme Court when the law has not been clearly determined. RCW 2.60.020; *Micomonaco v. Washington*, 45 F.3d 316, 322 (9th Cir. 1995). Here, Mr. May moved the Court to certify nine questions[3] to the Washington State Supreme Court, asserting that Washington courts had addressed none. (Dkt. No. 59 at 2–3.) However, the Court had previously ruled that Mr. May, as a limited assignee of Great American's policies, lacks standing to bring claims relating to contract formation issues. (Dkt. No. 51 at 8–9.) The first six questions Mr. May seeks certification of all relate to these issues. (*See* Dkt. No. 59 at 2–3.) And the remaining questions, for which Mr. May would have standing, are neither novel nor unique. They involve this Court's prior application of settled Washington law. (*Id.* at 3.) Mr. May might disagree with the Court's previous rulings on the issues. But this is not a basis for certification. Accordingly, Mr. May's motion to certify questions is DENIED.

#### 2.  Interlocutory Appeal

The Court's previous rulings, (*see* Dkt. No. 51), coupled with those above, are a final judgment on the merits of all claims in this case. As such, Mr. May's request for interlocutory appeal of the Court's prior order (Dkt. No. 59 at 7–8) is DENIED as moot.

---

[3] He later indicated there may be additional questions worthy of certification. (Dkt. No. 65 at 3.) This statement fails to provide the requisite specificity for the Court to act upon. Therefore, it is disregarding this request.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Great American's motion for partial summary judgment (Dkt. No. 61) and DENIES Mr. May's motion to certify and/or for interlocutory appeal (Dkt. No. 59). Accordingly, the Court ORDERS as follows:

1. The Court DECLARES that the Great American policies partially assigned to Mr. May afford no coverage or benefits to the insureds in relation to *Rodger May v. MK Salvage Venture LLC*, King County Superior Court, Case No. 19-2-10613-1 (2019); and

2. The Court DISMISSES with prejudice Rodger May's counterclaims against Great American.

DATED this 19th day of December 2022.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C21-1002-JCC
PAGE - 7